```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION
```

UNITED STATES OF AMERICA    :
                            :    CRIMINAL ACTION
            v.              :    NO. 1:11-CR-307-ODE-ECS
                            :
RICHARD MITCHELL            :

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Upon consideration of Defendant's motion to sever defendant or to sever counts, [Doc. 43], the undersigned **RECOMMENDS** that the motion be **DENIED**. The indictment charges Defendant in Count One, along with Calvin Barber and Maya Gates, with conspiracy to engage in the unlicensed business of selling firearms, in violation of 18 U.S.C. § 922(a)(1). Defendant is also charged in Count Two, along with Barber and Gates, with engaging in the unlicensed business of selling firearms, in violation of 18 U.S.C. §§ 922(a)(1) and 924(a)(1)(D). Count Four charges Defendant and Maya Gates with possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. §§ 5841, 5861 and 5871. Finally, Count Five charges Defendant alone with possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). Count Three charges only Calvin Barber with possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k).

Rule 8 (a) of the Federal Rules of Criminal Procedure provides as follows:

> (a) **Joinder of Offenses**. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

The five counts in this case are clearly properly joined under Rule 8 as offenses that are of the same or similar character. All five of the counts are related to the illegal acquisition, sale or possession of firearms during the same general time frame and are of the same or similar character.

As for joinder of defendants, Defendant is also properly joined under Rule 8 (b). With regard to joinder of defendants, Rule 8 (b) provides as follows:

> (b) **Joinder of Defendants**. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Defendant is charged as a co-defendant with two other defendants in Counts One and Two, with one other defendant in Count Four and alone in Count Five. Count Three charges co-defendant Calvin Barber with

2

an offense that is alleged in the conspiracy to be part of a series of transactions. Counts Four and Five also allege transactions that are part of the alleged conspiracy. The requisites of initial joinder under Rule 8(b) are clearly met. Indeed, Defendant makes no argument that initial joinder under Rule 8 was improper. See [Doc. 43].

As for severance based upon prejudicial joinder under Rule 14,[1] Defendant has not alleged sufficient facts or circumstances to show actual compelling prejudice, as required for severance under the rule. See United States v. Cassano, 132 F.3d 646, 651 (11th Cir. 1998)(citing United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997)). In essence, Defendant argues prejudicial spillover, see Motion to Sever, ¶¶ 8, 9, which is insufficient absent particularized facts indicating that the jury would be unable to follow appropriate limiting instructions. See United States v. Walser, 3 F.3d 380, 386-87 (11th Cir. 1993); see also United States v. Wasson, 568 F.2d 1214, 1222 (5th Cir. 1978).

---

[1] Rule 14 provides in part as follows:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

3

Accordingly, the undersigned **RECOMMENDS** that the motion for severance, [Doc. 20], be **DENIED**.

It appearing that there are no further pretrial or discovery matters to bring before the undersigned, it is therefore **ORDERED** that this **CASE** be and is hereby **CERTIFIED** as ready for trial.

**SO REPORTED and RECOMMENDED**, this 29th day of September, 2011.

*/s/ E. Clayton Scofield III*
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE